F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GUILLERMO HERNANDEZ,

Defendant-Appellant.

No. 00-8003
(D.C. No. 99-CR-31-5)
(Wyoming)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

Guillermo Hernandez pled guilty to conspiracy to possess with intent to distribute and to distribute marijuana, using a telephone to facilitate a controlled substance offense, and distributing marijuana. He appeals his sentence, and we affirm.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The conspiracy charge to which Mr. Hernandez pled guilty alleged that he, his sister Araceli Hernandez, and others conspired to distribute marijuana in Casper, Wyoming, from January 1 to March19, 1999. Mr. Hernandez and Ms. Hernandez allegedly received quantities for resale and distributed the drug to others. The substantive counts arose from a telephone conversation between Mr. Hernandez and his sister in which she asked him to provide her a quarter pound of marijuana for sale to another person, and from the actual distribution of the marijuana to that person.

At sentencing, the government argued that Mr. Hernandez' base offense level should include as relevant conduct marijuana he had allegedly possessed with intent to distribute approximately two years earlier in Casper. In support of its position, the government presented evidence from Chad Campbell, who had lived with Mr. Hernandez for four or five months in the spring of 1997. Mr. Campbell testified that during this time he observed one-pound blocks of compressed marijuana in the freezer unit of the refrigerator in the residence they shared, that the amount fluctuated as Mr. Hernandez sold this marijuana, and that he himself sold small quantities of it on occasion and gave the proceeds to Mr. Hernandez. Mr. Campbell further stated that he had earlier possessed eight pounds of marijuana in blocks at another residence and that that quantity was very similar to the amount he observed in Mr. Hernandez' freezer.

The district court credited Mr. Campbell's testimony and concluded that eight pounds of marijuana should be included as relevant conduct in calculating Mr. Hernandez' total offense level. As a result, Mr. Hernandez had a total offense level of 10 and a criminal history category of III, for a sentencing range under the Sentencing Guidelines of ten to sixteen months. The judge's thirteen-month sentence fell in the middle of the applicable range.

On appeal Mr. Hernandez argues that the court erred by including the eight pounds of marijuana for sentencing purposes, contending that Mr. Campbell's estimate of drug quantity lacked sufficient indicia of reliability because his recollection was admittedly blurred by his use of drugs and alcohol during the relevant time, and that the earlier alleged acts were too remote and dissimilar to justify an enhancement as relevant conduct under the Guidelines.

We review fact findings on drug quantities and relevant conduct under the clearly erroneous standard. *United States v. Richards*, 27 F.3d 465, 468 (10th Cir. 1994). Whether the activity at issue qualifies as relevant conduct, however, is a question of law we review de novo. *United States v. Svacina*, 137 F.3d 1179, 1182 (10th Cir. 1998). "The government must prove the existence of the additional quantities by a preponderance of the evidence." *Richards*, 27 F.3d at 468. Drug quantities may be established on the basis of estimates so long as they have some basis of support in the record and sufficient indicia of reliability. *Id.*

at 469.

We turn first to Mr. Hernandez' argument that the amount attributable to his earlier sales was not supported by sufficient indicia of reliability because Mr. Campbell was admittedly using drugs and alcohol during that period. "The credibility of a witness at sentencing is for the sentencing court, who is the trier of fact, to analyze. Applicable case law permits the sentencing court to accept estimates on quantities based on information with a minimum indicia of reliability." *United States v. Deninno*, 29 F.3d 572, 578 (10th Cir. 1994). We will not disturb the lower court's assessment of Mr. Campbell's credibility.

Mr. Hernandez also argues that his earlier drug activity does not qualify as relevant conduct. A defendant's base offense level can be determined on the basis of conduct other than the offense of conviction if that conduct is "part of the same course of conduct . . . as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). "[T]he analysis of same course of conduct focuses on whether there is a pattern of criminal conduct," which is determined by several factors, including "similarity, regularity, temporal proximity, the nature of the defendant's acts, [and] his role." *Svacina*, 137 F.3d at 1183 (internal quotations omitted). Here, the earlier drug sales took place in the same location and were very similar in nature. Mr. Hernandez' role as a middleman in those transactions was likewise very similar to his role in the offense of conviction. While the earlier conduct

was separated by a gap of almost two years, we have held that temporal proximity is not dispositive, *see United States v. Roederer*, 11 F.3d 973, 979 (10th Cir. 1993), and have concluded that conduct is relevant even when separated by a gap much longer than that present here, *see id.* at 979-80. Accordingly, the court did not err in determining that Mr. Hernandez' prior drug activity was relevant conduct.

Mr. Hernandez argues that his thirteen-month sentence was disproportionate to that of his sister, who pled guilty to the same offense and was sentenced to six months' incarceration. "In imposing a sentence, the district court shall consider, inter alia, 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *United States v. Contreras*, 108 F.3d 1255, 1271 (10th Cir. 1997). The record indicates that Ms. Hernandez had a base offense level of 4 and a criminal history category of III, for a sentencing range of 0-6 months. Mr. Hernandez' base offense level was 10 because it included prior relevant conduct. His sister's base offense level was not similarly enhanced because it did not include any prior relevant conduct. The disparity in their sentences reflected Mr. Hernandez' more extensive criminal conduct and was therefore not unwarranted.

Finally, Mr. Hernandez contends that remarks made by the district court during the course of the proceedings revealed a bias against him that prejudiced

the court's relevant conduct determination.[1]  At sentencing, the court observed that Mr. Hernandez' troubles began with his use of marijuana and alcohol during his teen years, required him to receive drug and alcohol counseling while in prison, stated the court's belief that Mr. Hernandez had intelligence and industry, and encouraged Mr. Hernandez to make something of his life after his release from incarceration.  After sentence had been imposed, the court referred to testimony from Mr. Campbell describing the extensive drinking and drug abuse Mr. Campbell had observed and taken part in during his senior trip to Mexico.  The court stated:

> That's why this Court is disturbed that a lot of people do not appreciate the magnitude of the risk they subject their children to when they allow them to travel to a country as lawless as Mexico. It's one thing to go to Mexico when you go with your parents. There's some protection from the lawless elements within that society.  There are whole states in the Republic of Mexico that are controlled by the cartels.  Now, that isn't very diplomatic of me to say, but it is the unvarnished truth.

App., vol. IV at 58.

Mr. Hernandez contends the above remarks reveal that the court stereotyped him and lumped him in with lawless Mexican nationals and that the court's underlying prejudice affected its sentencing determination.  A judge's opinion

---

[1] Mr. Hernandez refers us to comments made by the court both at a hearing held April 14, 1999, and at his sentencing hearing on January 11, 2000.  The transcript of the April 14 hearing is not included in the record on appeal and we therefore address only the court's remarks at sentencing.

formed on the basis of facts introduced in the course of the proceedings at issue does not support a claim of bias or prejudice unless it displays a "deep-seated . . . antagonism that would make fair judgment impossible." *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The record is clear that the judge's comments were in response to the testimony of Mr. Campbell rather than an extrajudicial source. Moreover, they did not display a deep-seated antagonism making fair judgment impossible. To the contrary, the record as a whole reveals that the judge held a generally favorable view of Mr. Hernandez as a person with potential who had a problem with drugs and alcohol. Accordingly we see no ground for requiring resentencing.

Mr. Hernandez' sentence is **AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge